**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE FLOWERS,<br><br>Plaintiff,<br><br>v.<br><br>GO TO DRA LLC, JOE CAGLE, and LOGAN LEWIS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-322 |

**PLAINTIFF'S COMPLAINT**

Plaintiff, DENISE FLOWERS ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, GO TO DRA LLC, JOE CAGLE, and LOGAN LEWIS ("DRA", "Cagle", and "Lewis" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k FDCPA.
3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."
4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

5. Plaintiff is a natural person residing in the City of Yorkville, Kendall County, State of Illinois.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Each Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. DRA is a Florida limited liability company and national collection agency headquartered in the Village of Islamorada, Monroe County, State of Florida.

11. Cagle is a natural person and debt collector residing in the State of Florida.

12. Cagle is an owner of DRA.

13. Cagle is a member of DRA.

14. Lewis is a natural person and debt collector residing in the State of Florida.

15. Lewis is an owner of DRA.

16. Lewis is a member of DRA.

17. Lewis is a managing member of DRA.

18. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

19. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v.*

*Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

20. The principal purpose of DRA's business is the collection of debts allegedly owed to third parties.

21. DRA regularly collects, or attempts to collect, debts allegedly owed to third parties

22. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

23. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

24. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

25. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

26. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

27. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

***Denise Flowers v. Go To DRA LLC***

28. DRA is attempting to collect a consumer debt from Plaintiff, allegedly originating from an unpaid payday loan account—a debt that Plaintiff does not owe.
29. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.
30. Within in the last year, DRA has attempted to collect a consumer debt from Plaintiff.
31. In or around October 2020, DRA began calling Plaintiff in an attempt to collect an alleged debt.
32. DRA calls Plaintiff on Plaintiff's cellular telephone at 773-368-6063.
33. DRA calls Plaintiff from several telephone numbers, including 516-291-4708 and 407-605-6625, which are two of DRA's telephone numbers.
34. In or around October 2020, Plaintiff spoke to one of DRA's collectors, who collector who identified herself as Alexia.
35. During the above-referenced collection call:
    a. DRA's collector failed to disclose she was working for Go To DRA LLC; and
    b. DRA's collector failed to disclose that she was speaking to Plaintiff in an attempt to collect a debt and that any information obtained will be used for that purpose;
    c. DRA disputed owing the alleged debt and requested that DRA stop calling Plaintiff; and

d. DRA's collector told Plaintiff that DRA will not stop calling Plaintiff.

36. Despite Plaintiff's request that DRA stop calling Plaintiff, DRA continued to call Plaintiff.

37. In connection with the above-referenced collection calls, DRA's collectors also leave voicemail messages for Plaintiff.

38. With regard to the above-referenced voicemail messages:

a. DRA's collectors failed to disclose that the calls were coming from Go To DRA LLC; and

b. DRA's collectors failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose.

39. The natural consequences of DRA's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

40. The natural consequences of DRA's statements and actions was to produce an unpleasant and/or hostile situation between DRA and Plaintiff.

41. The natural consequences of DRA's actions was to cause Plaintiff mental distress.

***Denise Flowers v. Joe Cagle***

42. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-40. herein, with the same force and effect as if the same were set forth at length herein.

43. At all relevant times, acting alone or in concert with others, Cagle has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA, and its employees, including the acts and practices set forth in this Complaint.

***Denise Flowers v. Logan Lewis***

44. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-41. herein, with the same force and effect as if the same were set forth at length herein.

45. At all relevant times, acting alone or in concert with others, Lewis has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA, and its employees, including the acts and practices set forth in this Complaint.

**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

46. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when DRA engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b. Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when DRA continued to call Plaintiff after Plaintiff told DRA to stop calling Plaintiff;

    c. Defendants violated § 1692d(6) of the FDCPA by their placement of telephone calls without meaningful disclosure of the caller's identity when DRA's collectors' voicemail messages failed to disclose that the calls were from Go To DRA LLC;

    d. Defendants violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when DRA's collector told Plaintiff that DRA would continue to call Plaintiff despite Plaintiff's request for the calls to

stop;

e. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants engaged in, at least, the following discrete violations of § 1692e;

f. Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of the character, amount, or legal status of any debt when DRA's collector attempted to collect a debt from Plaintiff, which Plaintiff does not owe;

g. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when DRA engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

h. Defendants further violated § 1692e(10) of the FDCPA when DRA created the false impression on Plaintiff that DRA was permitted by law to continue to engage in unlawful collection tactics with impunity;

i. Defendants violated § 1692e(11) of the FDCPA when DRA's collectors communicated with Plaintiff but failed to disclose that the communications were an attempt to collect a debt;

j. Defendants violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt when DRA engaged in all of the misconduct alleged herein—including attempting to collect a debt from Plaintiff, which Plaintiff does not owe;

k. Defendants violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of

the alleged debt when DRA employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt; and

l. Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when DRA ignored Plaintiff's oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt.

WHEREFORE, Plaintiff, DENISE FLOWERS, respectfully requests judgment be entered, both jointly and severally, against Defendants, GO TO DRA LLC, JOE CAGLE, and LOGAN LEWIS, for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, and

49. Any other relief that this Honorable Court deems appropriate.

DATED: January 20, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr

James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff